Good morning, your honors. Let it please the court. My name is Robert Tronis and I represent the petitioners Adan Martinez Martinez and Imelda Cabrera Torres At this point madam clerk, I'd like to reserve two minutes for rebuttal if necessary the issue presented in this case is whether the BIA provided the legally and constitutionally required Meaningful adjudication of whether petitioners United States citizen son Jason will experience extreme and unusual hardship if his parents are removed to Mexico in Late 2006 Jason was diagnosed with previously unknown cognitive defects and as a result of those defects he requires comprehensive special education and Excuse me comprehensive special education services and significant assistance from his family at home This diagnosis was presented to the BIA in connection with a motion to remand The BIA never considered this evidence Nor did the BIA provide a reasoned basis for denying its Motion to remand we're really had we're really reviewing a denial of a motion to reopen are we? as to the first issue It's Both the motion to remand and the motion to reopen they are But the motion to reopen is really the bottom line of what we have in front of us here whether we can Review the denial of the motion, correct? like There was one order that denied two motions. It denied a motion to reopen and it denied a motion to remand I understand that but I guess the big problem that I have is We have a denial of a motion to reopen so I want to take that up and I'm trying to determine whether we have any jurisdiction To deny that or to review that It seems to me. Well, there's no question that we lack jurisdiction to review a BIA Determination based on hardship and Based on Garcia. We further lack jurisdiction To review a motion to remand reopen based on hardship So I guess I'm trying to figure out in this particular situation How you can get that out from under that holding? In Three different ways your honor but the first is an infirmity in the order as to addressing both the motion to remand and the motion to Reopen is what do you mean an infirmity? The court excuse me, the BIA never considered substantive evidence that was provided That is a due process violation that is separate and distinct from the Jurisdictional bar presented in Fernandez. Are you just saying because they didn't list the documents submitted that they did that? Absolutely not your honor and we are not saying you need to chronicle the evidence in order to properly dispose of the motion Didn't they say respondents do not make a prima facie case of eligibility the law in the circuit is nearly repeating the Standard is Not a proper disposition of a motion. That's first second what actually happened in this case, and if you work work through the two orders you have a February order and you have a July order. The February order was a summary denial of An appeal that did not refer at all to the motion to remand or the evidence considering the motion remand Then in July there was a subsequent order that said looks it looks like the motion to remand fell through the cracks What we should have done was issued an order addressing it The actual language of that order is not specifically saying we are actually denying it It only says the BI says this is what we should have done with this order So it's unclear from the from the wording of the order whether they're actually claiming to have addressed it on its merits I appreciate that being your good argument about the underlying basis But if I lack jurisdiction to review the motion to remand Reopen whatever you want to call it based on hardship grounds Because it has those grounds involved Then I don't get into whether I can have any jurisdiction on the explanation because I can't get in at all And so it seems to me one has to very seriously address How do I get past the view or? Straightforward precedent in Garcia that if you're just gonna base these Motions to remand to reopen on hardship grounds that I can't get into them Number one there's a distinction between failure to consider evidence and Failure to provide a reason to explanation for your decision What I the reason why I'm explaining the failure to provide the reason explanation for your decision is it goes to the fact that the? Evidence wasn't actually considered failure to consider the evidence is a due process Violation that is not subject to the Fernandez jurisdictional bar Fernandez or Garcia jurisdictional bar So first the first basis for jurisdiction for this court is to say this was evidence It was submitted it wasn't considered well And that's a due process violation as I see that as I see the precedent the precedent is certainly I Cannot review a motion to remand or reopen based on hardship grounds There are some if you will exceptions The first of those exceptions is that if the motion is seeking consideration of a non cumulative evidence or That if in fact it could not have been available at the time in my book We're right there it is non-cumulative it is cumulative evidence showing the hardship. There's no way to get me there We Respectfully disagree with referring to the evidence as cumulative it does go to hardship But the bar only covers non it only covers cumulative evidence not non cumulative evidence Well the BIA said Jason was diagnosed with ADHD He attended an extending learning program after school. He attended special day classes. He was making progress and Despite these needs it was still not compelling in nature Anything in that new evidence does not show his condition worsened or changed all it does is it just says more of the same that evidence that you just referred to is the 2007 IEP that was submitted in connection with the motion to reopen which was submitted after The motion to remand the issue that we're presenting in this in this Appeal is that with the motion remand was the report of a clinical licensed Psychologist who diagnosed Jason for the first time in late 2006 with previously undisclosed Cognitive defects this goes well beyond It goes well beyond ADHD Which is what his report says and in his report he also says that what Jason has will not be Remediated with medication or simple Changes in his educational protocol like the RSV services that he was provided then So he's going to need a lot more than that for the rest of his life This is in direct contrast to the evidence that was before the immigration judge in 2004 where the immigration judge concluded if you have compelling needs That shows a strong presumption in favor of cancellation or removal, excuse me Compelling needs in school strong presumption in favor of cancellation over removal He then concluded Jason didn't have compelling needs in school because at that time he was mainstreamed He was in mainstream classes and the record then was medication would work for him Two years later with the benefit of additional education History and the new evaluation by dr. Green we now know it's Substantially more and this evidence was never considered by the BIA Um Yes, that is the actual language Your honor if you can hold on just a second. I'm sorry Yeah, let me just finish this and then I will conclude my life If you want you can look that up while you're At your desk and we'll give you 30 seconds afterwards I'll just finish with this runner in addition to the ADHD The information from the testing data that this office was a dr. Green's office was able to ascertain Shows that Jason suffers very specific neurological processing deficiencies This was not considered by the BIA and it was not before the IJ before and it's non cumulative Thank you We hear your argument You May please the court. My name is Walter Bocchini. You're gonna have to speak up. May it please the court My name is Walter Bocchini and I represent the Attorney General Can you hear me now your honor I'll try to speak even louder, okay as your honor has Correctly asserted the issue in this case is jurisdictional one The evidence that was presented whether it was the evidence presented with the motion to remand or the motion to reopen They are all they're both cumulative. That's because they go to the same issue what the Petitioners attempted to do before the immigration judge was to show that their child Jason had a compelling special needs in school The immigration judge considered that evidence and he denied it night cancellation and removal On the motion to remand again, they try to bring it within that same statement in matter of Montreal The board decision that states that a compact that a strong applicant for cancellation has a child with compelling special needs in school On the on the on both the motion to remand and the motion to reopen they reference that standard So they're they're going to the same specific basis and they're talking about the same condition the ADHD of the child So this evidence is cumulative As far as the due process well Why don't you address specifically his allegation? about additional Evidence if you will about that. Yes, your honor Um, and I think that goes to the due process claims that he's making Well under under this courts Larita case There is a presumption that the board considers the full the the full claim and all the records before it And the presumption is only rebutted if the board Explicitly says that it will not consider a particular piece of evidence In this case didn't happen If you look at the board decision, the board is referring back to the original motion to remand They're noting that the petitioners have submitted additional and more recent evidence of hardship and then they are Focusing on that additional evidence of hardship the the most recent one to conclude that he doesn't establish a prima facie case for for for cancellation, so the Those those oh and they also cite to matter Monreal again to show that they are addressing that that particular issue So with those I think that case brings it well within the Larita holding that the board has Addressed of the full record and the presumption is not rebutted The board specifically said in reference to the the motion to reopen It said the respondents now the respondents being the petitioners now present more recent evidence on the hardship issue then it went on and noted the The most recent school psychologist report that states that the child's diagnosis was attention deficit hyperactivity disorder and then it went on to say that the child was even making some progress and then it went on and the next page over it stated that also the petitioners didn't establish that there was a No, no special education programs in Mexico that could address his condition So that's what the board said and I think they fully engaged the the evidence they fully engaged the claims and they addressed the same exact claim that was brought before the immigration judge and Therefore, there's just no jurisdiction to reach the merits in this case. Your honor counsel. It seems to me difficult to reconcile the statement that you just read from of the BIA to reconcile that with the report of a psychologist who Came up with a report flat-out stating that it was much worse than before It's this was in 2007 Referring to the material they had before was 2004 and here's this report from this doctor who says the psychologist who says it's much more indifferent and greater and more serious than we first thought we had and then that then you you Represent that the BIA says we've seen all the new evidence and there's nothing new It's hard for me to reconcile those two statements in the same case Are we talking about two different cases or are we talking about the same case? We're talking about the same case seems hard doesn't seem to you a little difficult to reconcile that your honor I don't think that the Psychologist report that was submitted with the evidentiary packet on the motion to remand was all that much different From the one that was submitted later. I think that This language might have been stronger But if you look at it the primary diagnosis of that psychologist of dr. Green was that the child had ADHD and then he went on and he mentioned that there are previously undiagnosed Cognitive defects, but he didn't say what they said. They were much more his condition was much more serious than they had earlier thought What do you do with that? Well, yes, but then you have a new updated Report from the school psychologist also a very comprehensive Evidentiary packet that was submitted with the motion to reopen that stated flat-out that the child only had ADHD and that there was no secondary condition. No, there's no other underlying condition okay, so what you're really saying to us is that there's a conflict in in the evidence and And they and the BIA says we've reviewed all this evidence and we reiterate our position. Yeah Well, I think they can be read that way I don't believe that the evidence submitted with the motion to to remand was all that different. I mean in the end, I think they're still the same but To the extent that there is some difference between the last Evidentiary the last psychologist report and the dr. Green's report Yes I mean there might have been the board assessed the two and he said well it's like the school psychologist states the child's diagnosis was a patient that's a disorder only and So when there are two different versions, you know Two different versions of the evidence that the board can can accept obviously They don't they don't they don't abuse the discretion in choosing one over the other Do you think the board's X explanation of their consideration is adequate? Oh, absolutely your honor I mean in this case law in Najma body and got in Gailey It states that the board doesn't have to parse out the evidence and and address them Individually it states that the board doesn't have to engage every single argument that it makes So there again, there's there's not necessarily a presumption, but the board Unless unless it's clear that it's been otherwise that it has fully addressed the record and again That's on the gate Gailey and Najma body and some in other cases. Let me ask you a question the IEP from February 2007 would you say that's similar to the 2004 assessment? Your honor it's there's Obviously it's not I'm not gonna say that stay here say oh he had ADHD before he has ADHD now It seems like he's it seems that right now. He's requiring more More needs in school, but the problem is that that does that doesn't mean that it's cumulative or non-cumulative The the mere I mean I think the difference in the reports represents essentially the mere passage of time and that's something that That's suddenly new just because Because time has passed it doesn't mean that you can challenge the underlying decision of the immigration judge I mean if you just think about it The immigration judges made a decision on hardship on this specific issue whether the child has DHT. They're now present now It's been years later. They're now presenting Evidence to show you know what's been two years the child has obviously facing different challenges now We're gonna have to update his conditions, etc, etc But he they're saying oh well look now this undermines the decision of the immigration judge It's a runaround to go challenge the decision of the immigration judge, which is not you know Which the court lacks jurisdiction to do so that's why the evidence is cumulative for it to be non-cumulative They would have to show that he has another condition a very specific condition a very serious condition as as the court stated in Fernandez and that would go to a different basis the issue of whether it's ADHD or has problems in school a compelling special needs to school that's been addressed That one is that one the court does not have jurisdiction to re-engage again Well your honor I Don't necessarily agree that they I think that ADHD is a neurological deficit I think it's just different terms for the same condition In the end it's he has trouble reading that odd It's obvious that both the the psychologist is with the motion to remand and this in the school Psychologist before and after they all concluded look this child he has average intelligence, and he has a lot of trouble reading The fact that they're turned they're turning it as neurological deficit previously undiagnosed condition or ADHD It still goes to the issue of whether there is a compelling special needs in school for this child and that one has been addressed So there's no jurisdiction the board doesn't shouldn't have to Refocus on it and and frankly the board has already assessed the evidence. I mean, they've already denied it I mean, it's I would I would say that under nice my body It would be futile for this if you send it back to the board to focus more on this evidence Just so that they can show explicitly that they have considered it Well, they've already considered the most the most recent reports, and they've already denied it So it'd be really futile to remand on that your honor Thank you very much for your argument. Thank you your honor now, sir. We'll give you 30 seconds You've gone over now, but that's okay. Just two quick points then your honor Number one in the 2007 order there's a direct contrast between the disposition of the motion to remand and the disposition of the motion to reopen the first sentence of the paragraph disposes of motion to reopen says That they will quote address it on its merits And they don't say anything about that in the previous paragraph on the motion to remand the words means something and it's a contrast between the disposition number two Got four seconds. Hurry I'll rest on that Thank you Case 0 7 7 3 3 8 5 Martinez Martinez versus Holder is Submitted we'll now turn to case 0 5 7 2 9 6 7 Yes, I on versus Holder, and I know I probably said that totally Totally out of place to what it is
judges: Brewster, Fletcher B. , Smith N. R.